**Patrick COOK, Plaintiff–Appellant,**

v.

**COLORADO APPEALS COURT; Colorado Supreme Court; Helen Cook Resendez; Roberto Silva; Rosalie Vigna, Defendants–Appellees.**

**No. 05–17357.**

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 21, 2006.*

Filed Dec. 27, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Patrick Cook, Elko, NV, pro se.

Stephen D. Quinn, Esq., Office of Attorney General, Gabrielle Carr, Esq., Office of the Nevada Attorney General, Carson City, NV, Friedrick C. Haines, Frederick C. Haines, Esq., First Assistant Attorney General, Colorado Dept of Law, Denver, CO, Tiffinay B. Pagni, Esq., Lemons, Grundy & Eisenberg a Professional Corporation, Reno, NV, for Defendants–Appellees.

Before: GOODWIN, WALLACE, and LEAVY, Circuit Judges.

## MEMORANDUM [**]

Patrick Cook appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging that various individuals and entities involved in his state court divorce action in Colorado violated his constitutional rights. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo. *Noel v. Hall,* 341 F.3d 1148, 1154 (9th Cir.2003) (dismissal based on *Rooker–Feldman*); *Schwarzenegger v. Fred Martin Motor Co.,* 374 F.3d 797, 800 (9th Cir.2004) (dismissal based on lack of personal jurisdiction). We affirm.

The district court properly determined that Cook's action against the judicial defendants is barred by the *Rooker–Feldman* doctrine because his complaint essentially challenges the propriety of the state court judgment. *See Noel,* 341 F.3d at 1158 (referring to *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923) and *Dist. of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983)). Thus, the district court was required to "refuse to decide any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court." *Id.* We reject Cook's contention that defen-

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

dants' alleged commission of civil rights violations during his divorce proceeding takes his complaint out of the *Rooker–Feldman* ambit because that argument still rests on a claim of legal wrong by the state courts. *See id.* at 1164.

■ The district court also properly dismissed Cook's ex-wife and her attorney because Cook failed to establish that the Nevada district court had personal jurisdiction over them. *See Schwarzenegger,* 374 F.3d at 801–02.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.